UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JESUS NAVAR-GARCIA, Fed. Reg. No. 94253-180, Movant, | § § § § | |
| v. | § § § | EP-12-CV-415-KC EP-07-CR-386-KC-1 |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

## AMENDED MEMORANDUM OPINION AND ORDER

In a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [ECF No. 72],[1] Movant Jesus Navar-Garcia ("Navar"), an inmate confined at the Federal Correctional Institution in Texarkana, Texas, challenges his guilty-plea conviction for conspiring to possess with the intent to distribute five kilograms or more of cocaine. In its response [ECF No. 75], the United States of America ("the Government") asserts Navar's "motion must be denied as time-barred."[2] In his reply [ECF No. 76], Navar suggests the Court should equitably toll the limitations period because he is "an uneducated and simple-minded Mexican"[3] and the Bureau of Prisons "provides no Spanish Law Books nor computerized TRULINCS[4] system in Spanish, no Spanish Law Clerk's [sic], nor Spanish Law Education courses or legal assistance for such

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-07-CR-386-KC-1.

[2] Gov't's Resp. 2.

[3] Reply 4.

[4] The Trust Fund Limited Inmate Computer System ("TRULINCS") is currently being deployed by the Federal Bureau of Prisons to provide inmates with some limited computer access, to include the capability to send and receive electronic messages without having access to the Internet.

foreigners."[5] After reviewing the record and for the reasons discussed below, the Court agrees Navar untimely filed his § 2255 motion and he is not entitled to equitable tolling. Accordingly, the Court will deny Navar's motion and dismiss his civil cause with prejudice.

## BACKGROUND AND PROCEDURAL HISTORY

Immigration and Customs Enforcement agents arrested Navar after gathering evidence against him during a four-month-drug-trafficking investigation in El Paso, Texas. A grand jury sitting in the Western District of Texas, El Paso Division, thereafter returned a three-count indictment against Navar, charging him with conspiracy to possess with the intent to distribute a controlled substance ("count one"), possession with the intent to distribute a controlled substance ("count two"), and conspiracy to import a controlled substance ("count three"). Navar elected to forgo trial and pleaded guilty, pursuant to a plea agreement, to count one of the indictment. The Court accepted Navar's plea and, on April 1, 2008, sentenced him to 160-months' imprisonment followed by five years' supervised release. Navar did not appeal. The instant § 2255 motion followed on October 12, 2012.

Mindful of Navar's *pro se* status,[6] the Court understands him to claim (1) the Government twice put him in jeopardy because it not only took his liberty, but also took his property; (2) his retained counsel provided ineffective assistance when they directed Navar to enter into a plea agreement and failed to file a requested direct appeal; (3) his instant collateral attack constitutes his first appeal as of right because his counsel abandoned his cause; (4) his

---

[5] Reply 3.

[6] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (explaining liberal construction allows active interpretation of a *pro se* pleading to encompass any allegation which may raise a claim for federal relief).

deportation from the United States under current immigration statutes would violate the constitutional prohibition on ex post facto laws; (5) the Government's seizure of his cash, automobiles, gun and numismatic coins violated his Fourth Amendment rights; and (6) the Government's taking of his personal property constituted an excessive fine.[7]

## APPLICABLE LAW

A § 2255 motion to vacate, set aside, or correct a sentence is subject to a one-year limitations period.[8] A federal prisoner must file his motion within one year from the date on which (1) the judgment became final; (2) "the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States" was removed; (3) the United States Supreme Court initially recognized, "and made retroactively applicable to cases on collateral review," the legal predicate for the motion; or (4) the petitioner could have discovered, "through the exercise of due diligence," the factual predicate for the motion.[9]

The statute of limitations applicable to § 2255 motions is not a jurisdictional bar, and it is subject to equitable tolling.[10] Equitable tolling may not, however, be used to thwart the intent of Congress in enacting a limitations period.[11] Thus, courts have the discretion to equitably toll the limitations period, but only in "extraordinary circumstances."[12] "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is

---

[7] Mot. to Vacate 4–13.

[8] 28 U.S.C.A. § 2255(f) (West 2013).

[9] *Id.*; *United States v. Brown*, 305 F.3d 304, 306–07 (5th Cir. 2002).

[10] *Holland v. Florida*, 560 U.S. --, 130 S.Ct. 2549, 2560 (2010).

[11] *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (noting that "rare and exceptional circumstances" are required).

[12] *Cantu–Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998).

appropriate."[13] As a general rule, equitable tolling has historically been limited to situations "where the [movant] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."[14] Additionally, "'[e]quity is not intended for those who sleep on their rights.'"[15] Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"[16] Furthermore, the petitioner bears the burden of proving that he is entitled to equitable tolling.[17] Thus, "[a] habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[18] Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion.[19]

## ANALYSIS

In his motion, Navar does not claim the Supreme Court recognized a new right made retroactively applicable to cases on collateral review.[20] Navar objectively knew or should have

---

[13] *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

[14] *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

[15] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[16] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

[17] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

[18] *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S.Ct. at 2562).

[19] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

[20] 28 U.S.C.A. § 2255(f)(3).

known the factual predicates for his claims well within the limitations period.²¹ In his reply, Navar suggests that the Government created an impediment to filing his motion because "[t]he DOJ has yet to provide Movant with specialized post-conviction . . . counsel to challenge such hurdles."²² Navar does not, however, have a constitutional right to counsel in a § 2255 proceeding,²³ and he cannot show "the impediment to making a motion created by governmental action *in violation of the Constitution or laws of the United States*."²⁴ Thus, Navar's limitations period began to run when his judgment of conviction became final.²⁵

A judgment becomes final when the applicable period for seeking direct review expires.²⁶ In this case, the Court entered its judgment on Wednesday, April 2, 2008, and Navar's conviction became final on Monday, April 14, 2008, the last day on which he could have appealed to the Fifth Circuit Court of Appeals.²⁷ Accordingly, Navar's time period for filing a § 2255 motion

---

²¹ *Id*. § 2255(f)(4); *cf. Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("First, the time commences when the factual predicate 'could have been discovered through the exercise of due diligence', not when it was actually discovered by a given prisoner. Second, the trigger in [28 U.S.C.] § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate', not recognition of the facts' legal significance. . . . [F]ederal statutes use objective indicators as triggers. . . . Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit.").

²² Reply 3 (relying on 28 U.S.C.A. § 2255(f)(2)).

²³ *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (citation omitted).

²⁴ 28 U.S.C.A. § 2255(f)(2) (emphasis added).

²⁵ *Id*. § 2255(f)(1); *Dodd v. United States*, 545 U.S. 353, 357 (2005).

²⁶ *Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

²⁷ *See* former FED. R. APP. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the

within one year after his conviction became final expired on Tuesday, April 14, 2009. Navar constructively filed his instant motion on Friday, October 12, 2012, the day on which he signed and, presumably, placed it in the prison mail system.[28] Thus, Navar filed his motion three years, five months, and twenty-nine days beyond the deadline. It is therefore untimely, and must be denied, unless equitable tolling applies.

In his motion, Navar argues the statute of limitations renders the habeas process inadequate for prisoners who, like him, lack English-language skills, legal counsel, and native-language legal resources:

> The Attorney of Record have provided their Client, a non-English Speaking or Writing Mexican, with no NOTICE of such a timetable and he is now, conveniently, without the assistance of counsel, courtesy of the DOJ-BOP, who likewise, within their illustrious so-called "Inmate Law Library" provides no adequate legal resources for such <u>disabled</u> Person's, let alone the deprivations against their own Citizens. . . . Even with bulletin boards and "so-called justice" law clerks, they provide no Spanish or English NOTICES of such time-table for § 2255 motions, or a resource for the Poor or Uneducated (disabled) to go for assistance or advice. Any "rule which would permit a court to dismiss an action for habeas relief without any consideration of the equities presented renders the habeas process inadequate to test the legality of a person's conviction and, thereby, constitutes a prohibited suspension of the writ."[29]

Navar's arguments in favor of equitable tolling are unpersuasive. As discussed above,

---

order being appealed; or (ii) the filing of the government's notice of appeal."); former FED. R. APP. P. 26(a) ("Computing Time. The following rules apply in computing any period of time specified in these rules . . . (1) Exclude the day . . . that begins the period. (2) Exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days . . . (3) Include the last day of the period unless it is a Saturday, Sunday, legal holiday."); *see also United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982) (noting that a conviction is final when the availability of further appeal is exhausted).

[28] A *pro-se* prisoner's habeas-corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)).

[29] Mot. to Vacate 12 (errors in original) (quoting *Davis v. Adult Parole Authority*, 610 F.2d 410 (6th Cir. 1979)).

"[e]quitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights."[30] Navar does not allege he was actively misled about filing a § 2255 motion.[31] While "[t]he Fifth Circuit has not yet addressed whether a language deficiency may constitute an extraordinary circumstance for the purposes of equitable tolling,"[32] it has expressly held "ignorance of the law or of statutes of limitations is insufficient to warrant tolling."[33] Additionally, it has opined "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling."[34] Furthermore, the Tenth Circuit has also said the fact that a movant may be an uneducated immigrant provides no basis for equitable tolling.[35] Thus, after a "consideration of the equities presented" in this case,[36] the Court finds that Navar has not met his burden of showing that some extraordinary circumstance stood in his way and prevented him from timely filing a § 2255 motion.

Furthermore, "the diligence requirement of equitable tolling imposes on the prisoner a substantial obligation to make all reasonable efforts to obtain assistance to mitigate his language

---

[30] *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[31] *See United States v. Patterson*, 211 F.3d 927, 931–32 (5th Cir. 2000) (holding that equitable tolling is appropriate where the district court led the petitioner to believe that his federal habeas petition would not be time-barred).

[32] *United States v. Gutierrez*, 2012 WL 1606659, at *2 (W.D. La. May 3, 2012).

[33] *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000).

[34] *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

[35] *See United States v. Cordova*, 202 F.3d 283, at *1 (10th Cir. 1999) (table) ("Lack of familiarity with the English language does not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the . . . limitations period.") (citing *Turner*, 177 F.3d at 392).

[36] *Davis*, 610 F.2d at 414.

deficiency."[37] The record shows Navar constructively filed his motion three years, five months, and twenty-nine days beyond the deadline. Notably, Navar does not allege any efforts on his part to contact anyone outside the prison who might have made him aware, in his language, of the legal requirements for filing a habeas corpus petition, or any efforts on his part to learn of such requirements from others within his place of his confinement.[38] Therefore, the Court also finds that Navar has not exhibited due diligence in pursuing his claims.

Accordingly, the Court concludes that Navar's § 2255 motion is time-barred, he is not entitled to equitable tolling, and the Court need not address the merits of his claims.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."[39] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[40] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[41]

---

[37] *Diaz v. Kelly*, 515 F.3d 149, 154 (2nd Cir. 2008).

[38] *Holland*, 130 S.Ct. at 2553.

[39] 28 U.S.C.A. § 2253(c)(1)(B) (West 2013).

[40] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[41] *See* 28 U.S.C.A. § 2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); *see also Lackey*, 116 F.3d at 151 (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *but see United States v. Kimler*, 150 F.3d 429, 431 n.1 (5th Cir. 1998) ("We have decided, however, that the monolithic nature of [Federal Rule of Appellate Procedure] Rule 22(b) in conjunction with Congress's mandate for issue specificity on collateral review embodied in 28 U.S.C. § 2253(c)(3) requires a more express request. In order to obtain appellate review of the issues the district court refused to certify, the petitioner must first make the threshold substantial showing of the denial of a constitutional right. *See* 28 U.S.C. 2253(c)(2).

Although Navar has not yet filed a notice of appeal, this Court nonetheless must address whether he is entitled to a certificate of appealability.[42]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[43] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[44] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[45] Here, reasonable jurists could debate the Court's findings concerning equitable tolling.[46] Accordingly, the Court will grant Navar a certificate of appealability on the following issue:

---

Only after clearing this hurdle may the petitioner proceed to brief and we review the merits of the rejected issues.").

[42] *See* 28 U.S.C.A. § 2255 Proc. R. 11(a) (West 2013) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[43] 28 U.S.C.A. § 2253(c)(2).

[44] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

[45] *Slack*, 529 U.S. at 484.

[46] *See Pabon v. Mahanoy*, 654 F.3d 385, 400 (3rd Cir. 2011) ("[W]e now hold that inability to read or understand English, combined with denial of access to translation or legal assistance, can constitute extraordinary circumstances that trigger equitable tolling"); *Diaz v. Kelly*, 515 F.3d at 154 ("For the prisoner who cannot read English, the obstacle is undoubtedly serious, just as it would be for a prisoner speaking only English incarcerated in a non-English-speaking country, and can, in some circumstances, justify equitable tolling."); *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006) ("We conclude that this combination of (1) a prison law library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary circumstances.").

>Does a movant's inability to read or understand English, combined with the denial of access to translation or legal assistance, constitute an extraordinary circumstance which could trigger equitable tolling?

**CONCLUSION AND ORDERS**

For the reasons stated, the Court concludes that it should deny Navar's motion and dismiss his civil cause. The Court further concludes that Navar is entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

1. The Court **DENIES** Movant Jesus Navar-Garcia's *pro se* motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [ECF No. 72], and **DISMISSES** his civil cause **WITH PREJUDICE**.

2. The Court **GRANTS** Movant Jesus Navar-Garcia a **CERTIFICATE OF APPEALABILITY**.

3. The Court **DENIES** all pending motions in this cause, if any, are **AS MOOT.**

**SO ORDERED.**

**SIGNED** this 29th day of **January 2013**.

_Kathleen Cardone_
**KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE**